WM.BREWER AND AL

VS **8166** No.8166

N.O.LAND CO.APPELLANT

*Chas F. Claiborne, Judge*

October 16th 1922

*Judge Dinkelspiel, recused*

Court of Appeal
PARISH OF ORLEANS
FILED Oct 16/22
D.J. Stansbury

241

Wm.Brewer and Al

Vs

No.8166

New Orleans Land Co.

Appellant.

Charles F.Claiborne Judge

The plaintiffs sue for the return of the purchase price they paid the defendant on the ground that the defendant had no valid title to the land it sold to plaintiff.Upon the original hearing of this case,we concluded that the Supreme Court had decided that the defendant had no title to the land it sold,that we were bound by that decision,and that therefore the plaintiffs were entitled to a return of the purchase money paid by them.From our decision both parties applied for a rehearing which we granted.When this case was called for argument on rehearing counsel for the defendant exhibited to the Court an act passed subsequent to our decision by whoih it appears that the defendant had acquired the outstanding title recognized by the Supreme Court as valid,and said counsel thereupon asked that this case be remanded to the District Court in order that he might make proof of that fact and thus have the former judgments of the District Court and of this Court reversed.

Plaintiff opposed this motion on the ground that it was too late to offer any evidence in the case,and that the case should be tried and decided upon the record as it stood.This brings up two questions for our consideration.

First : Would the act exhibited by defendant entitle it to a judgment,and is it not itself too late to change the rights of plaintiffs ; and Second : can this Court consider the act and remand this case to permit the introduction of the act in evidence in the District Courts.

The law is well settled that a purchaser of property cannot

242

refuse to accept title on account of an outstanding title or mortgage
in a third person when that third person is ready and willing to
satisfy the mortgage or ratify the sale 7 La.290- 6 R 266-7 A 477-31 A
185-36 A 389-21 A 282 Succession of Labosterie 13 Ct.App.318- 4 Dalloz
codes Ann.P.89 § 109 43 Dalloz Rep P.158 § 520-525 -6 Merlin Questions
vs Hypotheques P.141 -6 1V bis No.6-5 Boileux 632-16 Duranton 3 179
-24 Laurent 3 118-120.

In other words, a purchaser may refuse to pay the purchase price,
or may demand a return of it, when there is a cloud upon his title;
but the moment that cloud is removed his cause of action falls.

An outstanding title subsequent by acquired by the vendor inures
to the benefit of his purchaser-Guselich vs Wingle No.7356 Ct.App.
and numerous authorities quoted-13 K 189-223-853 9 La 99-12 La 170
16 La 95-3R 233-5% 633-18 A 172 16 A 225-50 A 676-113 La 1051-11 How
297-322-326-18 How 82-85-150 U.S.122-228 U.S.242-Par tidas L St
BK 2 111 law 50-1 Greene Ev.S 22-24 C.C.2452 (2427 ) C.N.1599-C.C.
1639 Z C.N.1021 -18 Cyc 689 ( C ) — 21 C.J. 1074

The only question that can arise is, at what time should the vendor
acquire the title, is it necessary that he should acquire it before
the action of rescission is filed, or is it sufficient that he should
acquire it at any time before final judgment is rendered rescinding
the sale ?

We believe that under the following authorities we are autho-
rized to adopt the second proposition, and that the cause of action
of the purchaser falls, if at any time, before final judgment, the
vendor's title, and consequently his, becomes valid.
C.C.2047 (2042 )" In all cases the dissolution of the contract may
be demanded by suit or by exception; and when the resolutory condi-
tion is an event not depending on the will of either party, the
contract is dissolved of right; but in other cases, it may be sued for,
and the party in default may, according to circumstances, have a
further time allowed for performance of the conditions "

In Bouin vs Syssaline 13 N.228 the Court said:

"But if, before the contract be annulled by competent authority, the seller should acquire the thing which he had delivered,

it is the opinion of the author that the purchaser would then not have power to cause the sale to be annulled; because every obligation on the part of the vendor would be fulfilled; the purchaser acquires the property in the thing sold as well as the possession; and consequently, the contract stands fully executed;"
See also 2.N.S. 605- 119 La 60 -
The case of Watson vs Feibel 139 La 375 was " a suit to rescind a sale of real estate for non-payment of the purchase price. $\times \times \times$ Defendant failing to answer, plaintiff caused a default to be entered; and then the defendant made to plaintiff a tender of payment in full, including costs of Court. Plaintiff refused to accept, assigning as his reason that an offer of performance comes too late after a putting in default".

The Court said on P.408 :
" That where the resolutory condition has been expressly stipulated and takes place of right, the purchaser has until official demand in which to pay; but where it is only implied and takes place only he has until final judgment as the result of a final judgment in which to pay"-Plaintiff's suit was accordingly dismissed. See also 119 La 60-31 A 164 (169) 34 A 989 (991)-2 N.S.605.

We see much analogy between the Watson case and this one. If the vendee has until final judgment in which to pay in order to avoid rescission of the sale for non-payment of the price, it would seem that the vendor would enjoy equal time to pay or to perform his obligation to secure to the vendee a valid title, such is the opinion of many. French commentators on article C.N.1599

In 5 Boileux on Art.C.N.1599 P.632 we read:" What should nevertheless be decided if the ratification had taken place only after the suit in nullity? On one hand it may be said that the sale is void abinitio; that it ought not be in the power of the vendor, as it may be agreeable to him or not, to set aside or to allow the nullity to subsist by making arrangements with the real owner, that

244

there arose a vested right in the purchaser from the moment he formulated his demand-Articles 1184-1655 and 1681 seem to us to present peremptory arguments against that system;in fact there results from these articles,that if the rescission of a sale is demanded for failure to pay the price,and that before the judgment,the defendant fulfills his obligations,the judge is not bound to admit his demand: why then should he prove himself more severe towards the vendor,if he has brought about the cessation of the cause of action?Why should a contract be annulled the vice of which has been purged by posterior circumstances which secure its efficacy?We must before all adhere to the spirit of the law."

7 Demante P,61 S 28 Bis XVII.

In criticising a decision of the Court of Lyons which had held that the ratification must be of date anterior to the suit Delvincourt in Vol 3 P.132 says:"It seems therefore from this that the doctrine established by the decision under consideration is contrary to the spirit of the codes, and to good faith,which should be the soul of all contracts;and I think that in all cases where the danger of eviction has ceased,either because the vendor has become the heir of the owner,or because he has adjusted his rights with him or because the purchaser has prescribed,the nullity of the sale can no longer be pronounced,on account of the want of interest of the purchaser"

"The nullity of the sale would be equally covered,if the vendor, subsequent to the sale,should become the owner of the thing sold, either by buying it from the real owner,or by succession,donation or legacy." 4 Dalloz Codes, Ann P,69 No.132-43 Dalloz Rep Leg.157 No.521-idem Supp Vol.18 P.826 S 244-3 Baudry P.392 -5 Boileux P.632 16 Duranton P.195-10 id,P.480-6 Marcade P.217-1 Trop Vente P,543 6 Toull S 132 X The certainty that he is exposed hereafter to no trouble either because the party stipulating has become the owner or because the real owner of the thing has acceded to the contract by ratifying it,or by renouncing to avail himself of his rights.

245

All fear of eviction ceasing,the rescission of the contract ceases to be a useful remedy.It is hereafter without interest.We even think that the third party is always in time to ratify,and the party promising to become incontrovertible owner before the nullity of the contract is de finitively pronounced were it even after the first suits.Because rescission and it is in truth one,is pronounced only in the absence of execution;hence at the moment when it would be pronounced,the execution of the contract would be assured,supposing that all things in other respects were whole.It would be from that moment without object,except the question of costs spent in the suit.

Some authors nevertheless,require,but with more rigor than justice,that the ratification of the third party and the ownership of the promisor should be anterior to the demand-"

24 Laurent § 120 P.124:

" The real difficulty is this:the purchaser files his suit and during the pendency the owner ratifies;we suppose that there is no other cause of eviction;will the action of nullity be suspended by the confirmation of the owner?

There is a controversy;in our opinion the action falls as soons as the owner ratifies;in truth,from the moment,all dangers of eviction ceases and that is the reason for deciding.The objections that are made are not serious."

1 Duvergier P.268 §

" M.Delvincourt has demonstrated that the action in nullity cannot be entertained,even when it is posterior to the time when it was filed that the property was acquired by the vendor-"

We are therefore of the opinion that if the defendant has acquired a valid title to the land it sold to plaintiffs at any time prior to this day that the title so acquired inured to the benefit of the plaintiffs and that their cause of action has ceased to exist.

The relative position of the plaintiffs has not changed,and there is nothing this day which would make it more onerous for them to accept the title now than at the time of their original purchase nor has the delay in perfecting the title caused them any damage.

II The Law and the jurisprudence make it the duty of the Court

to remand a case when the ends of justice require it.

C.P.906 "But if the Court shall think it not possible to pronounce definitively on the cause,in the state in which it is,either because the parties have failed to produce the necessary testimony, or because the parties have failed to adduce the necessary testimony or because the inferior Court refuse to receive it or otherwise,it may,according to circumstances remand the cause to the lower Court with instructions as to the testimony which it shall receive,to the end that it may decide according to law."

In the case of Melancon's Heirs vs Duhamel. 7 La.290 the Court Said :"

"The execution of a contract according to its terms,and the intention of the parties,is more consonant to justice,law and equity than the rescission of it,and a condemnation ine damages,provided the contract or matter is still entire and there has been no change in the situation of the parties."

It has been held that a case will be remanded when a party to the suit through oversight or otherwise,has omitted to introduce and file necessary evidence in his possession.1 La Dig.8437-715-729 specially 130 La 735-138 La 829.

"When the records of a suit discloses enough to satisfy the Court that the whole story of the case is not told,that essential facts have not been given in evidence,and important documents have been omitted,and that substantial justice cannot be done between the parties in the state of the record as filed here,the Court will in its discretion,in the interest of justice,remand the cause-" idem P,639 s 729. *with very many authorities* —

This principal applies with more force when the object is to offer material evidence which has developed since the judgment of the District Court.

In the case of Schneider vs Etna Life Ins Co.30 A 1198 the plaintiff obtained a judgment for $3000.00 representing the amount of a policy on the life of her husband who she alleged had died.

The defendant appealed.In the Supreme Court,after the filing of tho transcript,it produced affidavits and other evidence establishing the existence of the husband.The Court admitted the evidence and remanded the case for hearing the question of existence or death of the husband.

In the case of St.Charles St.RRD vs Board of assessors 53 A 459 the Supreme Court admitted evidence of payment of tho money demand by the plaintiff.

The application of the defendant in this case to prove that it has acquired a title to the land sold by it to the plaintiffs is equivalent to a plea of payment.Payment does not mean in Civil Law, only a satisfaction of a money claim.It has a more extended meaning C.C.2131(2127 )- " By payment is meant,not only the delivory of a sum of money,when such is the obligation of the contract,but the perfommance of that which the parties respectively undertook,whether it be to give or to do." 2 A 24 Pothier on Oblig.P.2.9 S 494 . " Payment is the performance of an obligation to give or to do."

We are therefore of opinion that the defendant is entitled to have the case remanded for the purpose of admitting the proof of its lately acquired title and examining the effect thereof upon the claims of plaintiffs herein.

It is therefore ordered adjudged,and decreed that our former judgment herein be set aside,that the judgment of the District Court be reversed and avoided,and that this case be remanded to said Court solely to receive proof of the acquisition of title by the defendant to the lands in controversy and to render judgment upon the testimony and evidence in the present record and upon such further testimony and evidence to be produced by the defendant on the new trial herein ordered,the costs of the District Court and of the Court of Appeal, up to this date to be paid by the defendant and appellant.

October 16th 1922